### GALE v WESTLAKE

Ohio Appeals, 2nd Dist, Franklin Co

No 2485.   Decided Oct 15, 1937

Lee F. Johnston, Columbus, for plaintiff-appellee.

John H. Matthews, Columbus, for defendant-appellant.

### OPINION

By GEIGER, J.

This case was filed in this court on August 22, 1934, before the present act in reference to appeals had been enacted.

The petition alleges that on the 12th day of September, 1932, plaintiff gave to the defendant an option on her property, and a right to purchase the same for $4.500.00, $2,600.00 of which was to be the assumption of a mortgage, and the balance of $1,900.00, certificate of the Buckeye State Building and Loan Company.

It is alleged that the defendant has not at any time since entering into said option offered to take the premises pursuant thereto, and that on the 15th day of November, 1932, he filed the option of record, that more than a reasonable time has elapsed

for the defendant to exercise his right, and that the defendant has no intention of exercising his right, and that the record of the option leaves a cloud upon the plaintiff's title, and that she has now a buyer but can not sell because of the record of the option.

Plaintiff alleges that the defendant is demanding $500.00 for the release or cancellation thereof; she asks that the option may be ordered cancelled.

The defendant answers admitting certain statements of the petition and denying others, and by way of cross-petition alleges that on November 13, 1932, he was ready and willing to comply with the terms of the option, and so advised the plaintiff, but that said plaintiff refused to perform her part; and on November 15, 1930, attempted to dispose of the property, and that by reason of her refusing to comply, he has been damaged in the sum of $500.00, for which he asks judgment.

By way of reply, the defendant files a general denial.

A motion was made to dismiss the appeal, on the ground that the action was one on which an appeal could not be had. This court on March 4, 1935, overruled the motion.

This court held that the action was an equitable one, and that the cross-petition for damages was incidental.

The court below held in favor of the plaintiff and ordered the option cancelled.

The option in evidence is dated September 12, 1932, giving the right to the defendant to purchase the property for $4,500.00—$2,600.00 of which was the assumption of a mortgage, and it was agreed that the balance of $1,900.00 would be paid by Buckeye Building and Loan Company certificates, at par value, or other property of equal value.

The owner agreed that she would deed the premises directly, to whom J. W. Westlake named.

The evidence discloses the fact that on or about the 14th day of November, sixty-one days after the writing of the option, the defendant took a prospective purchaser, one George H. Shaw, to inspect the premises, and during the course of the inspection the defendant informed the plaintiff that he was going to make a deal with Shaw, to which plaintiff replied: "You needn't bother any more about it"; that she was going to handle the property herself.

Upon being informed by the defendant that she had given the plaintiff an option,

she replied emphatically and with some profanity, as alleged by the defendant, that she didn't care anything about that.

Thereupon, the defendant and Mr. Shaw, the prospective purchaser, retired, and sometime later the same day the defendant returned with a contract to sell the property to Mr. Shaw for $5,000.00, the consideration being the assumption by Shaw of the mortgage of $2,600.00, the balance of $500.00 in cash, together with the $1,400.00 in Buckeye Building and Loan Company certificates.

This contract was between Shaw and Westlake. It was further agreed by Shaw that he would pay Westlake $500.00 by a second mortgage. Shaw paid Westlake the sum of $25.00 upon this contract, and Westlake then presented to the plaintiff the agreement of Shaw, together with $25.00 in cash, and requested her to sign the agreement to comply with the terms of the option. This the plaintiff refused to do.

Thereupon, Westlake filed the option and the action was brought by the plaintiff as disclosed by her petition.

The evidence of the defendant and Shaw is to the effect that after being informed by Mrs. Gale that she would not sell the property to them, but had made arrangements to sell it to some other parties, the contract between Westlake and Gale was entered into, both being uncertain whether or not Mrs. Gale would sell them the property, after what she had said.

Mrs. Gale denies that there was any tender made of the agreement of Shaw to purchase the property, or of any money, as testified to by Westlake.

The evidence also shows that Shaw did not at the time he entered into the contract with Westlake to purchase the property, have the stock in the Buckeye Building and Loan Company, which was to be paid on the purchase price, and did not have the $500.00, that his contract called for.

We are of the opinion that the option was personal to Westlake, but that Westlake did not intend to purchase the property himself, but occupied the position of a broker having an option upon the property, in order that he might negotiate a sale, at a profit to himself, to some other purchaser.

Westlake had no authority to act as a broker, not having the required license to act as such.

Before the tender of the contract between Westlake and Shaw, by which Shaw was to pay a price for the property, differing somewhat from the consideration named

464

in the option, the plaintiff withdrew the option by stating that she would not sell to Westlake.

This declaration was made sixty-one days after the writing of the option.

Nothing was said in the option as to when it should be exercised.

We are of the opinion that plaintiff had the right to terminate the option at the time she did, only being required to hold it open a reasonable time, and that under the known conditions, sixty days or less would be a reasonable time, and further that the offer made by Shaw to purchase was not a compliance with the terms of the option.

We are of the opinion that the court below did not err in finding in favor of the plaintiff, and ordering the option cancelled and dismissing the cross-petition.

Appeal dismissed.

BARNES, PJ, and HORNBECK, J, concur.